FILED

2009 SEP -8 AM 10: 54

M.L. HATCHER, CLK.
U.S. BANKRUPTCY COURT
DIST. WA AT TACOMA
DEP CLK.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | ) |
| **GERALD ALLAN HENNESSEY,** | ) **Case No. 09-45890-PBS** |
| Debtor. | ) **Chapter 7** |
| | ) |
| **LILLIAN CALVO,** | ) |
| Plaintiff, | ) |
| | ) **Adversary Complaint** |
| vs. | ) **Case No. _____** |
| | ) |
| **GERALD ALLAN HENNESSEY** | ) |
| Defendant | ) |

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT
### [11 U.S.C. §523(a)(2)(A)]

Plaintiff Lillian Calvo (variously referred to herein as "plaintiff" or simply as "Ms. Calvo") alleges and states as follows:

## JURISDICTION

1.      This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334, 11 U.S.C. §§ 523(a)(2)(A) and Fed. R. Bankr. P. 7001(6). This adversary proceeding relates to the captioned bankruptcy case under Chapter 7 now pending in this Court and is a core proceeding under 28 U.S.C. § 157(b)(1).

## BACKGROUND

2.      This is an adversary proceeding in which Ms. Calvo objects to the dischargeability of her claim against the debtor.

3.      Defendant Gerald Hennessey (hereinafter "Mr. Hennessey") is a debtor in this Chapter 7 case.    Ms. Calvo is a creditor of Mr. Hennessey.

1

4.    On or about June 12, 2007, Mr. Hennessey requested a $25,000.00 loan from Ms. Calvo.

5.    In order to secure that loan, Mr. Hennessey falsely represented to Ms. Calvo, in writing, that he held various unencumbered property and financial resources that supported what he claimed was his favorable and stable financial standing.   Ms. Calvo reasonably relied upon these representations that Mr. Hennessey knew were false, a determined based on such reliance to lend Mr. Hennessey the requested sum of $25,000.00.

6.    On June 12, 2007, Mr. Hennessey signed a promissory note to Ms. Calvo who lent him the required funds.  A true and correct copy of that promissory note by Mr. Hennessey is attached hereto as Exhibit A.

7.    As part of that promissory note, Mr. Hennessey also gave a security interest to Ms. Calvo as collateral to secure that note.

8.    Ms. Calvo performed all conditions that were required pursuant to the parties' agreement, but Mr. Hennessey wholly and without cause defaulted on all promises made in that note.  In fact, Mr. Hennessey never had any intention of accomplishing the promises he made to Ms. Calvo.  Instead, from the start it was his intent to convert the money he took from Ms. Calvo and never pay her back.

9.    Ms. Calvo has made repeated demands to Mr. Hennessey to repay the subject funds, but Mr. Hennessey has rejected those demands and remains wholly in default on all aspects of the parties' written agreement.

10.   Mr. Hennessey filed for bankruptcy on August 13, 2009.   In his bankruptcy schedules, Mr. Hennessey lists numerous obligations and debts.  Mr. Hennessey failed to inform Ms. Calvo about those debts.

2

CLAIM FOR RELIEF

11.   Ms. Calvo realleges and incorporates herein by reference Paragraphs 1 through 11 above, as though fully set forth herein.

12.   Pursuant to 11 U.S.C. § 523(a)(2),

> "(a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt . . .(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by: (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or (B) use of a statement in writing . . .(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive."

13.   Ms. Calvo reasonably relied on Mr. Hennessey's statements about his financial condition to loan him money and extend her collection efforts.   Ms. Calvo's claim against Mr. Hennessey should not be discharged pursuant to 11 U.S.C. §523(a)(2)(A) & (B) as the claim is for money obtained by Mr. Hennessey by use of a false statement in writing, under false pretenses, a false representation, or actual fraud, as previously described, including but not limited to material false statements regarding his financial status and her ability and intent to repay the loans from Ms. Calvo in the principal amount of $25,000.00.

WHEREFORE, plaintiff prays for judgment against Mr. Hennessey as follows:

1.   That the Court determine that plaintiff's claim against Mr. Hennessey is non-dischargeable in this bankruptcy case;

2.   That the Court enter judgment finding that plaintiff's claim against Mr. Hennessey in the amount of at least $25,000.00  plus interest until the date the bankruptcy petition was filed, plus any additional amount as determined by proof at trial, shall not be discharged in bankruptcy.

3

3.     For costs of suit;

4.     For reasonable attorney's fees and expenses to the extent permitted by law;

5.     For such other relief as the Court deems just and proper.

DATED: _9-4-09_

LILLIAN CALVO
43167 Lorraine Court
Lancaster, CA 93534
661 236-2616

Plaintiff pro se

4

# Promissory Note

6/12/2007

For value received, the undersigned Gerald Allan Hennessey ((the "borrower"), at 4031 Alturus Street W., University Place, Washington 98466, promises to pay to the order of _____Lillian Calvo_____ (the "lender"),at ___43187 Lorraine Court Lancaster, CA 93534___, (or at such other place as lender may designate in writing) the sum of $25,000.00 with interest from June 11,2007, on the unpaid principal at the rate of 15.00% per annum, and an additional 14% loan fee.

Unpaid principal after the due date shown below shall accrue interest at the rate of 20.00% per annum until paid but no longer than January 11, 2008.  ̶D̶e̶c̶e̶m̶b̶e̶r̶

The unpaid principal and accrued interest shall be payable in monthly installments of interest only beginning on July 11, 2007, and continuing until September 11, 2007,(the "due date"), at which time the remaining unpaid principal and interest shall be due in full.

All payments on this note shall be applied first in payment of accrued interest and any remainder in payment of principal.

This note is agreed to be secured against equity in 11119 Cotillion Drive, Dallas, Texas 75228 as collateral.

The Borrower promises to pay a late charge of 25.00 for each installment that remains unpaid more than 5 day(s) after its Due Date. This late charge shall be paid as liquidated damages in lieu of actual damages, and not as penalty.

If any payment obligations under this note are not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the lender.

The borrower reserves the right to repay this note (in whole or in part) prior to the due date with no prepayment penalty.

If any payment obligation under this note is not paid when due, the borrower promises to pay all cost of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

The lender is not required to rely on the above security instrument and the assets secured therein for the payment of this note in case of default, but may proceed directly against the borrower.

This note is considered activated upon deposit in the Checking account of:

Gerald Allan Hennessey
Orange County Teachers Federal Credit Union Member #558390

The Sum of Twenty Five Thousand and no/100 Dollars ($25,000.00).

Gerald Allan Hennessey
4031 Alturus St. W.
University Place, WA 98466
253-210-8756

B104 (Form 104)(08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

FILED
2009 SEP - 9 AM 10: 54
M.L. HATCHER, CLK.
U.S. BANKRUPTCY COURT
TACOMA
BY: _____ CLK.

| PLAINTIFFS<br>LILLIAN CALVO | DEFENDANTS<br>GERALD ALLEN HENNESSEY |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>LILLIAN CALVO<br>43167 Lorraine Ct<br>Lancaster, CA 93534<br>661 236-2616 | ATTORNEYS (If Known)<br>DEBTOR/DEFENDANT IS PRO SE |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | X Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| X Creditor | ☐ Other | ☐ Creditor | ☐ Other |
| ☐ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT; 11 U.S.C. § 523(a)(2)(A)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
- ☐ 11-Recovery of money/property - § 542 turnover of property
- ☐ 12-Recovery of money/property - § 547 preference
- ☐ 13-Recovery of money/property - § 548 fraudulent transfer
- ☐ 14 Recovery of money/property – Other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and a of co-owner §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
- ☐ 51-Revocation of Confirmation

**FRBP 7001(6) - Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- X 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(Continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- ☐ 71-Injunctive relief - imposition of stay
- ☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand **$25,000.00** plus interest and costs |

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>GERALD ALLAN HENNESSEY | | BANKRUPTCY CASE NO.<br>09-45890-PBS |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF WASHINGTON | DIVISIONAL OFFICE<br>TACOMA | NAME OF JUDGE<br>PAUL B. SNYDER |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF<br>NOT APPLICABLE | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

| DATE 9/4/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>LILLIAN CALVO, PLAINTIFF PRO SE |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.